IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE A. CHILES,       :<br>     Plaintiff,       : <br>               : <br> v.       : <br>               : <br> AMERIQUEST MORTGAGE CO. ET AL,   : <br>     Defendant.       : | CIVIL ACTION<br><br>NO. 06-5081 |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                                                      **March 17, 2008**

     Presently before this Court are Defendants' Motion for Summary Judgment (Doc. 6), Plaintiff's Response in Opposition (Docs. 8-10), and Defendants' Reply (Doc. 11). For the reasons set forth below, the Court will grant Defendants' Motion

### BACKGROUND

     From the record of evidence, taken in a light most favorable to the Plaintiff, the pertinent facts are as follows. On December 24, 2004, Plaintiff entered a loan transaction with Defendant Ameriquest Mortgage Company for the purpose of refinancing a prior mortgage held with Citifinancial Mortgage Company in which Plaintiff's wife was the mortgagor. Deutsche Bank National Trust Company ("Deustche"), is the current holder of the mortgage on Plaintiff's home.

     Plaintiff claims that he was solicited by Ameriquest employee, Michael Frayler. Plaintiff avers that he informed Frayler that he desired a monthly payment of no more than $1250 since that was the amount of his monthly payment with Citifinancial and he was having difficultly meeting those payments. Plaintiff claims that Frayler assured him that the loan from Ameriquest would meet his needs.

     Plaintiff complains, however, that at the closing he was assessed numerous charges which

were in violation of TILA. Plaintiff's monthly payments under the Ameriquest Loan equaled $1700. This amount being significantly higher than Plaintiff's previous monthly payment of $1250 to Citibank, Plaintiff contends that Frayler misrepresented the terms of the loan. On August 20, 2006, Plaintiff sent a letter to Ameriquest informing of his intention to rescind the loan transaction. Ameriquest responded that it did not intend to recognize the recission. Deutsche filed a Complaint in Mortgage Foreclosure against Plaintiff and Plaintiff's wife.

This action comes before this Court on Plaintiff's request for damages, declaration of rescission, and remedies for rescission under the Truth-in-Lending Act, 15 U.S.C § 1601, et seq. ("TILA"); and pendant claims under the Pennsylvania Unfair Trade Practices and Consumer Protections Law, 73 P.S. § 201-2, et seq. ("UTPCPL").

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is

an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against opponent, even if the quality of the movant's evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

## DISCUSSION

**A.     Rescissory Period**

Defendants argue that since Plaintiff did not seek to rescind the loan until Plaintiff's counsel made a rescission demand on August 20, 2006, almost two years after the loan closing, Plaintiff's TILA rescission claim is time-barred.

Pursuant to TILA, "[i]f the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation . . . ." 12 C.F.R § 226.23(a)(3). "The term 'material disclosures' means the required disclosures of the annual percentage rate, the finance charge . . . ." 12 C.F.R § 226.23(a)(3) n. 48. Plaintiff claims that Defendants never provided him with the required material disclosures based on the variable interest rate. Furthermore, Plaintiff

alleges that the finance charge disclosed varied from the actual finance charge by more than $35, thus triggering the three-year right to rescission pursuant to 15 U.S.C. § 1635(i)(2) and 12 C.F.R. § 226.23 (h)(2)(I). The Court will address contention in turn and grant Defendants' Motion for Summary Judgment.

Defendants both provided Plaintiff with the required disclosures and accurately represented the finance charge. Thus, Plaintiff did not have the extended right to rescind.

### 1. Notification of the Variable Rate.

Because the extended right to rescind is only triggered for failure to notify Plaintiff of the existence of a variable rate, Plaintiff is not entitled to the extended right to rescind. Plaintiff argues that Defendants' failure to provide him with various disclosures listed in 12 C.F.R. § 226.19(b) before closing triggered the extended right to rescind. Defendant counter that only the existence of the variable rate is a material disclosure.

The Federal Reserve Board has stated that while the "'failure to inform the consumer of the existence of the variable rate feature' is a material non-disclosure which extends the rescission period, 'failure to give other required [variable interest rate] disclosures" does not extend the rescission period. Oscar v. Bank One, N.A., No. 05-5928, 2006 U.S. Dist. LEXIS 6410, *10-11 (E.D. Pa. February 17, 2006). Plaintiff, therefore, only has the right to rescind if Defendants did not notify Plaintiff of the existence of the variable rate.

Defendants aver that Plaintiff received the variable rate disclosures evidenced by the fact that by his signature Plaintiff acknowledged receipt of documents containing the variable rate. TILA states that "written acknowledgment of receipt of any disclosures required under this title . . . by a person to whom information . . . is required to be given . . . create[s] a rebuttable presumption of

delivery thereof." 15 USC § 1635(c). Plaintiff's execution of the Federal Truth In Lending Disclosure Statement creates a presumption that those disclosures were, in fact received and Plaintiff's statement to the contrary is not, by itself, sufficient to rebut that presumption.[1] Plaintiff has not presented any evidence that he did not receive these documents. Instead, Plaintiff admits to receiving them, but claims he did not understand the documents he signed. Since Plaintiff was provided with the proper disclosures related to the variable rate, TILA does not entitle him to the extended right to rescind.

### 2. Title Insurance

Plaintiff further alleges that he was entitled to a discounted rate for the title insurance and Defendants improperly excluded the cost of title insurance from the finance charge thus rendering the finance charge excessive. Averring that he refinanced within three years, Plaintiff claims that he was entitled to the refinance rate. Defendant counter that a borrower can only receive a discounted refinance rate by providing proof of a prior title insurance policy. Defendants also argues that it was not required to list the cost of title insurance in the finance charge because Plaintiff was charged the correct amount for title insurance.

TILA does not require a lender to list the price of title insurance if the price is "bona fide and reasonable in amount." 12 C.F.R. § 226.4(c)(7). The Manual of Title Insurance Rating Bureau of Pennsylvania ("Rate Manual"), Section 5.6 (Refinance and Substitution Loans) provides in pertinent part:

---

[1] By signing the Notice of Right to Cancel, the Plaintiff acknowledged receipt of two copies of the Notice of Right to Cancel and one copy of the Federal Truth In Lending Disclosure Statement. The Truth In Lending Disclosure Statement states the loan has a variable rate feature and that disclosure about this feature had been provided to the signer. The Truth In Lending Statement and Notice of Right to Cancel mention the variable rate on the first page of both documents.

> When a refinance or substitution loan is made within 3 years from the date of closing of a previously insured mortgage or fee interest and the premises to be insured are identical to or part of the real property previously insured and there has been no change in the fee simple ownership, the Charge shall be 80% of the reissue rate.

A plaintiff is entitled to the refinance rate if he provided "evidence of an earlier policy" at the time of closing as required by the Rate Manual. Fields v. Option One Mortgage, Corp., No. 06-1753, 2006 U.S. Dist. LEXIS 52934, *11 (E.D. Pa. July 31, 2006). Plaintiff admits that he did not provide Defendants with evidence of a prior insurance policy, therefore there exists no basis to find that Plaintiff was improperly charged the basic rate for title insurance. (Dep., p.23).

### 3. Appraisal and Tax Certification Fees

Plaintiff claims that the appraisal and tax certification fees may have been excessive or unreasonable and were not listed. Defendant argue that it was not required to list the appraisal fee or tax certification fees because each of the amounts was accurate and reasonable. As with title insurance, TILA does not require a lender to list the price of property appraisal fees or tax certification, if the price is "bona fide and reasonable in amount." 12 C.F.R. § 226.4(c)(7). Plaintiff does not provide evidence or case law to support the proposition that the appraisal fee or tax certification should have been included. Therefore the Court finds no impropriety.

### B. Statute of Limitations

The closing date of the present loan was December 24, 2005 which pursuant to TILA would trigger a three day rescissory period ending December 27, 2005. Plaintiff, however, contends that Defendants' failure to respond to Plaintiff's August 29, 2006 TILA rescission demand triggered a cause of action for statutory damages. TILA provides a one-year statute of limitations on causes of action for damages. 15 U.S.C. § 1640(e). A creditor's failure to properly respond to a TILA rescission demand is a violation of TILA only if the rescission claim

was proper. Smith v. Fidelity Consumer Disc. Co., 898 F.2d 896, 903 (3d Cir. 1990). Plaintiff filed his TILA claim two months after Defendants' refusal to rescind, therefore, he would indeed be entitled to damages if he was entitled to a right to rescind. Id. However, Plaintiff did not have the right to rescind on August 20, 2006 since that right expired on December 27, 2005. On August 20, 2006, his claim was time-barred. Defendants' failure to respond therefore did not result in a TILA violation.

**C.     Defendant Deutsche National Bank**

Defendants aver that DNB cannot be held liable because there were no TILA violations. Plaintiff argues that a consumer has the right to rescind against any assignee, regardless of the existence of a facially-apparent TILA violation.

TILA states that an action against an assignee may only be maintained "if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 USCS § 1641(a).[2] However, TILA only extends liability to an assignee if there was a facially-apparent TILA violation. 15 USCS § 1641(a); See also Brodo v. Bankers Trust Co., 847 F. Supp. 353, 359 (E.D.Pa. 1994). The disclosure statements did not violate TILA on its face. Therefore, DNB cannot be held liable for Plaintiff's TILA claims.

**D.     Pennsylvania Unfair Trade Practices Act and Consumer Protection Law.**

Plaintiff seeks to assert a claim for violations of UTPCPL; specifically 73 P.S. § 201-1(4) (v),(xv), and (xxi). Section 204-1(4)(xxi) ("the catch-all provision") prohibits "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of

---

[2] Although the statute also mentions that a consumer with the right to rescind may rescind against any assignee, the requirement of a violation in the disclosure statement is listed as a prerequisite to a cause of action. Id. at § 1641(a)- 1641(c).

misunderstanding."[3]  Defendant argue that Plaintiff has not alleged facts to support justifiable reliance thus Plaintiff cannot recover under UTPCPL, 73 Pa. Cons. Stat. Ann. §§ 201-1 to 201-9.3.  Plaintiff counters that common law fraud must be proved under only one of the three UTPCPL violations he alleges.  Alternatively, Plaintiff argues that this requirement has been eliminated completely from all provisions.

As an initial matter, the Court recognizes that the requirements for fraud under the catch-all provision are in flux in Pennsylvania state and federal courts.  Several courts require a plaintiff to prove all elements of common law fraud.[4] when asserting a claim under the catch-all provision. See Colaizzi v. Beck, 895 A.2d 36, 39 (Pa. Super Ct. 2006) (Under catchall provision, Plaintiff must prove all elements of common law fraud.); accord Skurnowicz v. Lucci, 798 A.2d 788 (Pa. Super. 2002); Fletcher-Harlee Corp. v. Szymanski, 936 A.2d 87, 100 (Pa. Super 2007 ("any definition of fraud necessarily includes a knowing misrepresentation of a fact by one party which induced another party to act or to fail to act, which, in the end, caused damage to the party who relied upon the misrepresentation.") Cf. Christopher, 2006 U.S. Dist. LEXIS 2255, *9-10 (Plaintiff must plead all elements of common law fraud only if alleging fraud, not deceptive conduct under UTPCPL.)  In Christopher, the court interpreted the inclusion of the term "deceptive" into the catch-all provision as relaxing the standard of proof such that actual fraud need not be proved.  Id.  The Pennsylvania Supreme Court has not yet addressed this issue.

---

[3] In 1996 the catch-all provision was amended to include the words "or deceptive." Hunt v. United States Tobacco Co., No. 06-1099, 2006 U.S. Dist. LEXIS 64960 (E.D. Pa. September 11, 2006).

[4] The elements of common law fraud are: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result.  Christopher v. First Mutual Corp., No 05-1149, 2006 U.S. Dist. LEXIS 2255, *9-10 (E.D. Pa. Jan. 20, 2006)

The UTPCPL must be construed liberally.  See Keller v. Volkswagen of Am., Inc., 733 A.2d 642, 646 (Pa. Super. 1999).  This Court will therefore adopt the view that in order for the addition of the terms "or deceptive" to be given effect, all elements of common law fraud need not be proven if Plaintiff alleges deceptive conduct.

Plaintiff cannot sustain a claim for either fraudulent or deceptive conduct.  On an allegation of fraud Plaintiff is required to prove that he justifiably relied on Defendants' misrepresentation that the new policy would lower his monthly payments and that this reliance induced him into an agreement that required him to pay more than he could afford.  Defendants argue that Plaintiff asserted that his income statement was correct by signing the loan application.  Furthermore, Defendant states that since Plaintiff agreed to the final terms of the loans, Plaintiff cannot claim misrepresentation if the terms did not include oral promises made by Defendants prior to closing.  Plaintiff does not dispute that he provided an inflated income, or that he signed the closing documents.  In fact, Plaintiff admitted at his deposition that he knew the amount he provided did not reflect his current income at that time, and that the loan documents represented a complete statement of the loan.  (Dep., pp.19-20).  Furthermore, Plaintiff signed the Important Notice to Borrower(s), which states the "loan documents are the complete statement of the loan agreement." (Def's Reply Exh. K.)  Therefore any claim for fraudulent conduct must necessarily fail since Plaintiff cannot maintain a cognizable allegation of justifiable reliance.

Plaintiff is also unable to assert deceptive conduct.  While as already stated, Plaintiff need not prove all elements of common law fraud to sustain a claim of deceptive conduct under the catch-all provision, plaintiff's claim of deceptive conduct nonetheless fails.  "Deception, which is very similar to fraud, is defined as 'intentional misleading by falsehood spoken or acted.'  An act or a practice is deceptive or unfair if it has the capacity or tendency to deceive." Christopher,

2006 U.S. Dist. LEXIS 2255 *11 (internal citations omitted); accord FTC v. Raladam Co., 316 U.S. 149 (1942).  Plaintiff offers no evidence showing that Defendant engaged in deceptive conduct either by its actions or its words.  Plaintiff's bald allegations cannot survive summary judgment.

Furthermore, Plaintiff's allegations under 73 P.S. § 201-1(4)(v) and (xv) cannot survive since they are also unsupported by evidence.

## V.     Defendants' Claim Fraud and Negligent Misrepresentation Claim

Defendants assert a counterclaim for fraud and negligent misrepresentation.  Plaintiff claims that he did not misrepresent his income, but that Defendants induced him into providing his potential future income.  To establish a claim for negligent misrepresentation, a party must prove: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation."  Bilt-Rite Contractors, Inc. v. Architectural Studio, 866 A.2d 270, 277 (Pa. 2005).  To establish fraud, Defendant must prove justifiable reliance.  Colaizzi v. Beck, 896 A.2d 36, 39 (Pa. Super. Ct. 2006).

Plaintiff represented that his monthly income was $6,500 in the loan documents; namely the Income Letter, and the loan application.  (Def's Reply Exh. C; Exh. B).  In his deposition Plaintiff admitted that he was not making $6,500 per month at the time he signed these documents and knew that this amount was incorrect at closing.  (Dep., p. 19).  Furthermore, Plaintiff stated that he submitted the inflated income so that he could refinance his loan.  (Dep., p.20).  Finally, Plaintiff stated in his affidavit that he provided the higher income so that Defendants would grant him the mortgage.  (Aff. of Chiles, p.2).  Defendants then relied on these

statements in extending the loan to Plaintiff.  Because the pleadings, documents, and depositions show that there is no genuine issue of material fact on Defendants' fraud and negligent misrepresentation claims, Defendant are entitled to summary judgment.

## CONCLUSION

Plaintiff has failed to establish a genuine issue of material fact on its TILA and UTPCPL claims.  For the foregoing reasons, Defendants' motion for summary judgment will be granted.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE A. CHILES,** : | |
| Plaintiff, : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 06-5081** |
| **AMERIQUEST MORTGAGE CO. ET AL,** : | |
| Defendant. : | |

**ORDER**

    **AND NOW**, on this ____ day of March, 2008, Defendants Ameriquest Mortgage Company and Deutsche Bank National Trust Company's Motion for Summary Judgment, it is hereby ordered that Defendants' Motion is **GRANTED**.  On the counterclaim, Defendants' motion for summary judgment is **GRANTED.**

    Defendants shall file a brief on its request for damages on its fraud and negligent misrepresentation claims within ten (10) days of the date of this order.  Plaintiff shall file his response within fourteen (14) days of the date Defendants file its brief.

                                          **BY THE COURT:**

                                          /s/ Petrese B. Tucker

_____
                                          **Hon. Petrese B. Tucker, U.S.D.J.**